UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY BURRIS,

        Petitioner,

v.                                          CASE NO. 2:06-11557
                                            HONORABLE BERNARD A. FRIEDMAN

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

### I.  Introduction

This matter is pending before on petitioner Garry Burris' application for the writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner was charged in Wayne County, Michigan with seven crimes:  first-degree fleeing and eluding a police officer; manslaughter with a motor vehicle; failure to stop at the scene of a serious personal injury accident; carrying a concealed weapon; felon in possession of a firearm; possession of a firearm during the commission of a felony (felony firearm); and possession of marijuana.  On March 28, 2003, he pleaded no contest to manslaughter with a motor vehicle, MICH. COMP. LAWS § 750.321, and felony firearm, MICH. COMP. LAWS § 750.227b.  In return, the prosecutor dismissed all the other counts in the case, as well as, a habitual offender notice and two separate cases charging Petitioner with possession of cocaine.  The parties also agreed that Petitioner would serve a sentence of seven to fifteen years for the manslaughter conviction following the mandatory two-year sentence for the felony firearm conviction.  On April 17, 2003, the trial court sentenced Petitioner, as agreed, to two years in prison for the felony firearm conviction, followed by seven to fifteen years in prison for

the manslaughter conviction.

In an application for leave to appeal, Petitioner argued that the trial court exceeded the sentencing guidelines for the manslaughter conviction without providing substantial and compelling reasons for doing so. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Burris*, No. 255158 (Mich. Ct. App. June 2, 2004). On April 8, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the question presented should be reviewed ." *People v. Burris*, 472 Mich. 890; 695 N.W.2d 68 (2005) (table).

Petitioner filed his habeas corpus petition on March 31, 2006. The sole ground for relief reads: The sentence constitutes a departure from the recommended range. Respondent argues in an answer to the habeas petition that Petitioner's claim is not cognizable on habeas review.

## II. Standard of Review

Habeas petitioners are entitled to the writ of habeas corpus only if they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's

majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"Where a state court does not evaluate the merits of a petitioner's federal claim, the deferential standard of review mandated by the [Anti-Terrorism and Effective Death Penalty Act of 1996] does not apply." *Higgins v. Renico*, __ F.3d __, __, No. 05-1564, 2006 WL 3345289, at *5 (6th Cir. Nov. 20, 2006). Instead, the issues are reviewed *de novo*. *Id*. (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

### III. Discussion

#### A. Departure from Sentencing Guidelines

Petitioner notes that his minimum sentence of eighty-four months for the manslaughter conviction constituted a departure from the recommended sentencing guidelines of twenty-nine to fifty-seven months. He claims that the sentencing judge violated state law by not articulating any reasons for departing from the sentencing guidelines. Petitioner further alleges that he was not informed of the recommended minimum sentencing guidelines. He asserts that he would not have agreed to the plea bargain had he been aware that it called for a longer sentence than the sentence recommended under the guidelines.

Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. Although Petitioner contends

that the trial court did not comply with this statute, "[f]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975)). Thus, Petitioner has no right to habeas relief on the basis of the alleged violation of §769.34(3).

Petitioner attempts to style his claim as a federal constitutional issue. Although he did not exhaust state remedies for any federal constitutional claims, as is required by 28 U.S.C. § 2254(b)(1), the federal constitutional claims lack merit. Federal courts may deny a habeas petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[1] Accordingly, the Court will proceed to address the federal constitutional claims that Petitioner has raised here, but did not present to the state courts.

**B. Voluntariness of Plea**

**1. Legal Framework**

Petitioner implies that his plea was involuntary and unknowing because he was not fully advised of the consequences of the plea. A guilty plea is a waiver of constitutional rights. Therefore, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances when determining whether a

---

[1] "[T]he exhaustion requirement is not a jurisdictional one but rather is an issue of comity between federal and state courts." *White v. Mitchell*, 431 F.3d 517, 525-26 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006).

plea was entered voluntarily and intelligently. *Id.* at 749. "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)), *superseded on other grounds by Custis v. United States*, 511 U.S. 485 (1994). The defendant must be aware of the direct consequences of entering the plea, *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991), and the maximum sentence that could be imposed. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). However,

> [t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757. Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### 2. Application

The trial court explained the charges and the maximum sentence for each charge to Petitioner at the plea. The court also informed Petitioner that he would have to serve at least nine years in prison under the plea and sentencing bargain and that he could serve up to seventeen years in prison. Petitioner claimed to understand the rights he was waiving and the trial court's explanations, and he said that he had discussed the charges, as well as the sentencing consequences, with his attorney. Petitioner repeatedly stated that he had no questions concerning the plea and sentencing agreement. He also stated that it was his desire to plead no contest to manslaughter and felony firearm and that he wished to accept the sentence agreement.

The only concern that Petitioner expressed at the plea was that the habitual offender notice charged him with two prior convictions, whereas he could recall only one prior conviction. However, the prosecutor explained that the habitual offender charge was being dismissed, and Petitioner admitted that his desire to accept the prosecutor's offer did not depend on whether he was charged as a second or third habitual offender.

Petitioner implies that his plea was involuntary because he was not aware of the sentencing guidelines until after the sentencing. The sentencing guidelines for voluntary manslaughter called for a minimum sentence of twenty-nine to fifty-seven months, but Petitioner received a minimum sentence of eighty-four months pursuant to the plea and sentencing agreement. Despite the disparity, the record indicates that Petitioner had been engaged in plea negotiations over a period of time and that he had discussed the sentencing consequences with his attorney. The record also indicates that defense counsel reviewed the pre-sentence report with Petitioner.

Even assuming that Petitioner was unaware of the sentencing guidelines, the trial court was not obligated to abide by the guidelines, and "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." *United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999). Petitioner is not entitled to withdraw his plea simply because he misapprehended the likely penalties attached to alternative courses of action. *Brady*, 397 U.S. at 757.

Furthermore, the plea bargain was far from illusory even though the minimum sentence for the manslaughter conviction was greater than the guidelines range for that offense. The prosecutor dismissed five other counts in the manslaughter case, as well as, the habitual offender

charge, which would have increased the maximum penalties, and two narcotics cases, each of which carried a maximum sentence of four years. The Court concludes for all the foregoing reasons that Petitioner's plea was knowing, voluntary and intelligent.

### C. Eighth Amendment Claim

Petitioner alleges in his reply to Respondent's answer that his sentence is disproportionate under the Eighth Amendment to the United States Constitution. This claim lacks merit because a plurality of the Supreme Court has held that "the Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm,* 463 U.S. 277, 288 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade,* 538 U.S. 63, 77 (2003). Petitioner's sentence of seven to fifteen years fell within the statutory maximum of fifteen years in prison for manslaughter, *see* Mich. Comp. Laws § 750.321, and "a sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

Furthermore, a woman with two young sons died as a result of Petitioner's actions. Petitioner contends that the loss of life was unintentional and the result of an accident. However, defense counsel stipulated at the plea that Petitioner was operating a vehicle in a grossly negligent manner, and the record indicates that Petitioner drove through a red light at approximately fifty miles an hour while fleeing and eluding police officers. The Court concludes that Petitioner's sentence of seven to fifteen years for the manslaughter conviction did not amount to cruel and unusual punishment under the Eighth Amendment.

### IV.  Conclusion

Petitioner's federal claims lack merit, and his state law claim is not cognizable here. Accordingly, the application for the writ of habeas corpus is DENIED.

The Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  However, if Petitioner chooses to appeal this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was granted pauperis status in the District Court.   Fed. R. App. P. 24(a)(3).

    ____s/Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT COURT

Dated: ___January 4, 2007_____